IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

D'WAYNE DEARING, #147239                                                          PLAINTIFF

VERSUS                                                   CIVIL ACTION NO. 5:12-cv-155-DCB-MTP

WILKINSON COUNTY CORRECTIONAL FACILITY
and ROSEMARY GATLIN                                                              DEFENDANTS

MEMORANDUM OPINION

This cause comes before this Court as a result of the envelope [9] containing a copy of orders [3, 4, 7] being returned by the Postal Service on April 2, 2013. A review of the record reveals that the plaintiff filed his complaint pursuant to 42 U.S.C. § 1983 and motion to proceed in forma pauperis on November 16, 2012. This Court entered two orders [3, 4] in this case on November 16, 2012. One order [3] directed the plaintiff to sign and return an Acknowledgment of Receipt and Certification (Form PSP-3) or a Notice of Voluntary Dismissal (Form PSP-4), within thirty days. The second order [4] entered on November 16, 2012, directed the plaintiff to file a completed application to proceed in forma pauperis, specifically the section entitled "Certificate to Be Completed by Authorized Officer" of prison accounts or file an affidavit specifically stating the name of the prison official contacted concerning the Certificate and why this information is not provided to this Court, within thirty days. Because the envelope containing these orders [3, 4] entered November 16, 2012, was not returned by the Postal Service this Court has determined that the plaintiff received the first mailing of these orders. Moreover, even though the orders [3, 4] warned the plaintiff that failure to timely comply or failure to advise of a change of address could result in the dismissal of the instant civil action, the plaintiff failed to comply with these orders.

When the plaintiff failed to comply with the orders [3, 4] entered on November 16, 2012, this Court entered on January 15, 2013, an order to show cause [5] directing the plaintiff to show cause in writing on or before February 7, 2013, why this case should not be dismissed for his failure to comply with the Court's orders [3, 4] entered on November 16, 2012. The plaintiff was once again warned in the order to show cause [5] that if he did not comply with the Court orders or failed to advise this Court of a change of address his case could be dismissed.

The plaintiff did not comply. Out of an abundance of caution, a Second and Final Order to Show Cause [7] was then entered on February 22, 2013, directing the plaintiff to comply with the orders [3, 4] on or before March 11, 2013. Plaintiff was advised in this Second and Final Order to Show Cause [7] that this was his final opportunity to comply with the previous orders [3, 4] of this Court. On April 2, 2013, this Court received the envelope [9] containing the Second and Final Order to Show Cause as well as a copy of orders [3, 4] marked "Return to Sender - Date Received: 3-8-13; Refused."

The plaintiff was warned in a notice of assignment from the Clerk and all of the above mentioned orders, that his failure to comply with the orders of this Court or failure to keep this Court advised of his current address could result in the dismissal of this action. The orders were mailed to the plaintiff's last known address.

The plaintiff has failed to communicate with the Court, either to inquire as to the status of his case or to provide the Court with a current address. It is apparent from the plaintiff's failure to communicate with this Court since he filed the instant civil action on November 16, 2012, that he lacks interest in pursuing this claim.

This Court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to

dismiss the action <u>sua sponte</u>. <u>See</u> <u>Link v. Wabash Railroad</u>, 370 U.S. 626 (1962); <u>McCullough v. Lynaugh</u>, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. <u>Link</u>, <u>supra</u>, 370 U.S. at 630. Moreover, as the record demonstrates, lesser sanctions than dismissal have not prompted "diligent prosecution" but instead such efforts have proven futile. <u>See</u> <u>Tello v. Comm'r.</u>, 410 F.3d 743, 744 (5th Cir. 2005).

Since the defendant has never been called upon to respond to the plaintiff's pleading, and has never appeared in this action, and since the Court has never considered the merits of plaintiff's claims, the Court's order of dismissal will be without prejudice. <u>Shaw v. Estelle</u>, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this Memorandum Opinion will be entered.

This the   2nd     day of   May         , 2013.


                                               s/David Bramlette
                                                UNITED STATES DISTRICT JUDGE